1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JACQUELINE COLEMAN,                    No. 2:24-cv-2373-KJM-SCR (PS)

12                    Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17        Plaintiff is proceeding in this action pro se, which was accordingly referred to the

18   undersigned by Local Rule 302(c)(21). Plaintiff has neither paid the required filing fee nor

19   applied to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a)(1). Additionally, the

20   undersigned finds this case duplicative of *Coleman v. County of Sacramento et al*, Case No. 2:23-

21   cv-02677-DC-CKD ("*Coleman I*"). The undersigned therefore recommends dismissal of this

22   action with prejudice.

23                    I.    **LEGAL STANDARD**

24        A court may authorize a person to proceed in an action without prepayment of fees if that

25   person "submits an affidavit that includes a statement of all assets…that the person is unable to

26   pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute,

27   however, requires federal courts to dismiss such a case if the action is legally "frivolous or

28   malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from

                                        1

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

1    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

2    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

4    678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

5    to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*

6    *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

7                                       **II.    COMPLAINT**

8            Plaintiff filed the Complaint in this action, mislabeled as a "First Amended Complaint",

9    on August 30, 2024. ECF No. 1. The Complaint alleges that Plaintiff Jacqueline Coleman raised

10   her biological minor child "E.F.C." through October 2, 2016. ECF No. 1 at ¶¶ 14, 22. Although

11   Plaintiff did allow E.F.C. to stay with Defendant Cynthia Cohen ("Cynthia"), E.F.C.'s paternal

12   grandmother, this never implied a surrender of Plaintiff's parental rights. *Id.* at ¶ 24.

13           In June 2016, Cynthia filed a fraudulent claim with the Department of Child and Family

14   Services ("DCFS") alleging that Plaintiff had engaged in domestic violence against E.F.C. about

15   three months prior. *Id.* at ¶ 27. Cynthia then obtained Letters of Temporary Guardianship for

16   E.F.C. at a September 2016 guardianship hearing, for which Plaintiff had not received notice. *Id.*

17   at ¶¶ 35-36, 39-40, 58. At this hearing, Defendant Erik Cohen ("Erik"), E.F.C.'s father,

18   fraudulently asserted that Plaintiff was homeless, had received notice of the hearing, and was

19   deliberately avoiding the proceedings. *Id.* at ¶¶ 41-42. On October 2, 2016, Cynthia arrived at

20   the Tahoe Day Care Center at the same time as Plaintiff to pick up E.F.C. *Id.* at ¶ 58. Cynthia

21   used the Letters of Temporary Guardianship and members of the Sacramento County District

22   Attorney Child Abduction Unit to take E.F.C. from Plaintiff. *Id.* at ¶¶ 58-60.

23           Based on the Complaint's allegations, Plaintiff alleges (1) "Deprivation of Right to Family

24   Unity Without Due Process" under 42 U.S.C. § 1983; (2) "Extrinsic Fraud Exception to the

25   *Rooker-Feldman* Doctrine" under Fed. R. Civ. P. 60(b); (3) conspiracy to violate Plaintiff's civil

26   rights under 28 U.S.C. § 2201 and 42 U.S.C. § 1983; (4) a facial challenge to Cal. Prob. Code §

27   2250(e)(1); (5) an as-applied challenge to Cal. Prob. Code § 2250(e)(1) based on due process; (6)

28   Intentional Infliction of Emotional Distress; and (7) Negligent Infliction of Emotional Distress.

1  ECF No. 1 at 1, 21, 26, 29-30, 32-34.  Plaintiff seeks $1,000,000 in general damages, $200,000 in

2  actual damages, punitive damages in an unspecified amount to be determined at trial, declaratory

3  judgment either voiding Cal. Prob. Code § 2250(e)(1) or finding it unconstitutional as applied to

4  Plaintiff, an injunction enjoining the State of California from conducting Temporary

5  Guardianship hearings without either sufficient notice to parents or good cause for not providing

6  such notice, and attorney's fees and costs.  ECF No. 1 at 35.

### III.    ANALYSIS

8      A court may authorize a person to proceed in an action without prepayment of fees if that

9  person "submits an affidavit that includes a statement of all assets…that the person is unable to

10  pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  As of these findings, Plaintiff

11  has not filed an IFP or paid the filing fee.  This alone would merit dismissal of the action without

12  prejudice.  The court should instead dismiss this action, however, as duplicative of *Coleman I.*

13      The district court has the power to control its docket, including the power to dismiss

14  claims that are duplicative of claims presented in other cases.  *M.M. v. Lafayette Sch. Dist.*, 681

15  F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a

16  separate case).  When evaluating whether cases are duplicative:

> …we borrow from the test for claim preclusion.  As the Supreme
> Court stated in *United States v. The Haytian Republic*, "the true test
> of the sufficiency of a plea of 'other suit pending' in another forum
> [i]s the legal efficacy of the first suit, when finally disposed of, as
> 'the thing adjudged,' regarding the matters at issue in the second
> suit." 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)."

22  *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) (overruled on

23  other grounds *Taylor v. Sturgell*, 553 U.S. 880 (2008)).  The Ninth Circuit clarified in *Adams* that

24  "in assessing whether the second action is duplicative of the first, we examine whether the causes

25  of action and relief sought, as well as the parties or privies to the action, are the same."  *Id.*

26      "A suit is deemed duplicative if the claims, parties and available relief do not vary

27  significantly between the two actions."  *Shappell v. Sun Life Assur. Co.*, No. 2:10-CV-03020-

28

1    MCE, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011).  To assess whether successive causes

2    of action are the same, courts utilize the "transaction test, " which requires consideration of four

3    criteria: 1) whether the rights or interests established in the initial action would be impaired by

4    prosecution of a second suit; 2) whether substantially the same evidence would be presented in

5    both actions; 3) whether both suits involve infringement of the same right; and 4) whether both

6    suits arise out of the same transactional nucleus of facts.  *Costantini v. Trans World Airlines*, 681

7    F.2d 1199, 1201–02 (9th Cir. 1982).  The last factor has been deemed the most important.  *Id.* at

8    1202.

9        On April 2, 2025, the court in *Coleman I* held that the complaint's Second Amended

10    Complaint, filed September 12, 2024 ("SAC") was the operative pleading.  Order, *Coleman I*,

11    ECF No. 22 at 10 (E.D. Cal. Apr. 2, 2025) (citing Second Am. Compl., *Coleman I*, ECF No. 16

12    (E.D. Cal. Sep. 12, 2024) ("*Coleman I* SAC")).  Like the Complaint in the current action, the

13    SAC alleged that Cynthia and Erik made false allegations and fraudulent representations to obtain

14    temporary guardianship over Plaintiff's child, E.F.C.  *Coleman I* SAC at ¶¶ 5-7.  It alleged that

15    Plaintiff never received notice of the September 2016 hearing, where Cynthia lied to obtain the

16    Letters of Temporary Guardianship.  *Coleman I* SAC at ¶¶ 5, 36, 39, 57.  The causes of action

17    and remedies sought are identical to those in the operative Complaint for the current action.

18    *Compare id.* at 1, 22, 27, 30-31, 33-36 *with* ECF No. 1 at 1, 21, 26, 29-30, 32-35.

19        There is no dispute that the two actions here are duplicative.  Plaintiff raises the same

20    causes of actions against the same Defendants based on the same facts and seeks the same relief

21    in both complaints.  The court should therefore exercise its right to dismiss this action as

22    duplicative of *Coleman I*.

23                    **IV.    CONCLUSION**

24        Accordingly, **IT IS HEREBY RECOMMENDED** that this action be DISMISSED

25    without prejudice as duplicative of another case pending in this district, and because Plaintiff has

26    failed to pay the filing fee or submit an IFP application.

27        These findings and recommendations are submitted to the United States District Judge

28    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

                                    5

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  *Id.*; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 13, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE